CAMPBELL, Judge.
The state charged Mike Kennedy with violation of section 319.33(l)(d), Florida Statutes (1979), alleging that he did sell or offer to sell a motor vehicle on which the manufacturer’s serial number had been destroyed, removed, covered, altered or defaced with knowledge of such destruction, removal, covering, alteration or defacement. Kennedy filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The state traversed, adding additional facts. After hearing, the court granted Kennedy’s motion to dismiss. The state appeals. •
The trial court’s order granting the motion to dismiss made the following findings.
Mike Kennedy is president and principal stockholder of A1A Auto Parts, Inc., a Florida corporation.
On or about January 1, 1979, A1A purchased a 1976 Buick Regal and a 1977 Buick Regal. Both automobiles had been damaged prior to purchase. The 1977 Buick was damaged at the front end, the cowl section, and the left door. The 1976 Buick was damaged at the left quarter section, deck lid, and rear bumper.
State Farm Insurance Company had determined the 1976 Buick to be a total loss prior to its purchase by A1A. Consequent *457 ly, the Buiek’s title was surrendered to the Florida Department of Motor Vehicles, and it was classified as “salvage.”
A1A cut both Buicks through the front windshield posts and across the floor at the doors. It then welded the 1976 Buick front cut to the 1977 Buick. The left door of the 1976 Buick was placed in the 1977 Buick, the front windshield was replaced, and the vehicle was painted. Interior work was performed on the vehicle, and the original motor was replaced by the motor from the 1976 Buick. The vehicle was then taken to Jim Simpson’s Auto Sales for cleanup and retail sale.
Approximately one week after the vehicle was transferred, an employee of A1A called Jim Simpson’s Auto Sales to obtain a list of vehicle identification numbers (VIN) from the vehicles delivered to Jim Simpson’s in order to compare them to a list of VIN’s from titles held by A1A. During this check, A1A discovered that the Buick’s VIN plate did not conform to the title certificate.
Kennedy sent an employee to Simpson’s to retrieve the Buick. The 1977 VIN plate was placed on the cowl section of the Buick over the 1976 VIN plate. A1A then returned the Buick to Simpson’s for retail sale.
Kenneth Folsom later purchased the car from Jim Simpson’s.
We are bound by the facts presented to the trial court. Kennedy, in his motion to dismiss, alleged that the correct VIN plate was on the vehicle. The state did not challenge this allegation in its traverse. Based on these undisputed facts, we must find that Kennedy did not violate section 319.-33(l)(d) as the proper VIN plate was not covered nor was an incorrect plate displayed. The facts may demonstrate that appellee violated some other provision of chapter 319; however, we do not address that question.
Consequently, the trial court’s order dismissing the information is affirmed.
OTT, Acting C. J., and RYDER, J., concur.